REDMANN, Judge.
We affirm, on plaintiff’s appeal, a judgment rejecting his claim on an automotive insurance policy. The entire record— especially the deposition of Gregory Luk *859 er — amply supports the trial judge’s upholding the insurer’s defense of arson.
Plaintiff argues that the trial judge erred in admitting the Luker deposition over plaintiff’s objection. However, Luker was subpoenaed by domiciliary service in an adjoining parish four days before the trial. We hold that a showing that a deponent was timely subpoenaed for trial, yet is absent, establishes “that the party offering the deposition has been unable to procure the attendance of the witness by subpoena” within La.C.C.P. 1450(3)(d).
Warrington v. Employers Group Ins. Co., La.App. 4 Cir. 1968, 207 So.2d 207, writ refused 252 La. 118, 209 So.2d 42, cited by appellant, is not controlling because there the “service . . . was neither personal nor domiciliary,” having been attempted upon the deponent’s secretary at his office.
Plaintiff also complains of the admission of two transcribed statements. One was admitted for a limited purpose to which plaintiff did not object. The other was admitted conditioned upon it being shown that it came from plaintiff’s partner in the wrecker business. Such a showing was not made; the trial judge’s reasons do not refer to that statement; and we conclude that that statement had no significant effect upon the outcome of this case.
Affirmed.